OPINION OF THE COURT
Barbara Howe, S.
Decedent died on November 1, 2014, survived by several nieces and nephews. Her will dated May 25, 2012 was offered for probate on December 18, 2014 by her nominated executor and great-nephew, James Bastían. The 2012 will, after payment of debts and administration expenses, leaves the entire residuary estate to James.
A prior will, dated March 10, 1982, was also filed with this court. The 1982 will, after numerous bequests to siblings, nieces, nephews, and charitable organizations, leaves the residuary estate in four equal shares to decedent’s two brothers, Carl J. Walters and Robert J. Walters, her nephew Charles J. Bastían, and her niece, Janet Bastían (in trust for her great-nephew Anthony Bastían).
Preliminary letters testamentary were granted in the estate and issued to James on January 15, 2015. On the return date of process issued to all interested parties, including those adversely affected by the 2012 will, attorney Joseph J. Terra-nova, Esq., representing three adversely affected distributees, requested time to conduct pre-objection discovery. A schedule was set for submission of papers by the parties.
Pending before me now is Terranova’s motion seeking preobjection discovery pursuant to SCPA 1404. Attorney Barbara Schaus, Esq., representing James, opposes the relief being sought.
Terranova’s pre-objection discovery requests include the following:
1. An SCPA 1404 examination of the 2012 will draftsperson and attesting witness, attorney John B. Elliott, and production of any materials used in his preparation of the will;
*365 2. An SCPA 1404 examination of the second attesting witness to the 2012 will, Jill N. Gertis, and production of any written materials relevant to the 2012 will;
3. Examination of James under oath, as named executor of the 2012 will, regarding his relationship with attorney Elliott and his familiarity with decedent’s health conditions and personal matters; and
4. Authorization to obtain all of the decedent’s medical records from January 1, 2012 through her date of death on November 1, 2014.
In her reply papers, Schaus does not object to discovery items numbered 1, 2, and 4. Rather, her opposition is limited exclusively to the relief requested in item number 3, to wit, an examination under oath of James.
In objecting to Terranova’s request to examine James, Schaus states that “the law does not permit pre-objection examination of the nominated executor unless the will contains an in terrorem clause. The propounded will does not contain an in terrorem clause and thus, there is no legal basis to conduct an examination of [James].” Schaus relies on SCPA 1404 (4), which states in pertinent part:
“Any party to the proceeding, before or after filing objections to the probate of the will, may examine any or all of the attesting witnesses, the person who prepared the will, and if the will contains a provision designed to prevent a disposition or distribution from taking effect in case the will, or any part thereof, is contested, the nominated executors in the will and the proponents and, upon application to the court based upon special circumstances, any person whose examination the court determines may provide information with respect to the validity of the will that is of substantial importance or relevance to a decision to file objections to the will” (emphasis added).
That part of SCPA 1404 (4) relied upon by Schaus was added to the statute following the Court of Appeals decision in Matter of Singer (13 NY3d 447 [2009]). There, the Court held that two in terrorem clauses in a will were not violated when a party examined decedent’s former attorney, even though the former attorney was not included in the “safe harbor” provision of SCPA 1404 (4). As a result of the decision in Singer, and recognizing that the “safe harbor” provisions of SCPA 1404 are *366 not exhaustive, the legislature amended SCPA 1404 (4) in 2011 to give the court discretion in “special circumstances” to permit a 1404 examination of a person with possible information of “substantial importance or relevance to a decision to file objections to the will.”
In urging the application here of SCPA 1404 (4) to preclude a deposition of James, Schaus focuses solely on that part of the statute dealing with in terrorem clauses. Although it is correct that, unless special circumstances exist, a nominated executor can only be examined pursuant to SCPA 1404 if the propounded will contains an in terrorem clause, this does not end the inquiry. SCPA 1404 (4) provides further that “[n]o person who has been examined as a witness under this section shall be examined in the same proceeding under any other provision of law except by direction of the court” (emphasis added). This sentence thus makes clear that a party may conduct non-1404 depositions of relevant “witnesses” unless such “witnesses” have already been examined pursuant to SCPA 1404; and, even in the latter situation, a court may still authorize a second examination.
Thus, I find that SCPA 1404 (4) does not preclude Terranova from seeking to depose James as part of his pre-objection discovery pursuant to CPLR article 31 (see e.g. CPLR 3107).
Accordingly, I hereby grant the discovery motion in its entirety, and I direct that the pre-objection discovery contemplated herein, including any deposition of James, shall be completed on or before September 30, 2015. Finally, I hereby set this matter down for an appearance before me on Wednesday, August 12, 2015, at 9:30 a.m., in order to schedule the SCPA 1404 examination of the attorney-draftsperson and the witnesses to the execution of the will.